

YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
MARK ROZENBERG▪
KENNETH WILLARD▲▪

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

May 7, 2023

**Via CM/ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York

RE: *Dawkins v. NB Rugs, Inc.*
Case No.: 1:23-cv-01383-BMC

Dear Judge Cogan:

We represent the Plaintiff in the above referenced action, and write jointly with counsel for the Defendant, pursuant to Your Honor's Order of April 26, 2023, in advance of the Initial Status Conference scheduled for May 11, 2023.

***Plaintiff's Statement:***

Plaintiff brings this class-action civil rights action claim pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* Plaintiff brings additional claims against Defendant for alleged violations of N.Y.C. Admin Code § 8-101 *et seq.* ("NYCHRL"). Plaintiff is a blind, visually-impaired and handicapped person and a member of a protected class of individuals under the ADA and NYCHRL. Defendant is and was at all relevant times a corporation doing business in NY and Defendant's website is a public accommodation within the definition set forth in Title III of the ADA. Defendant offers the commercial website www.dorisleslieblau.com to the public. The website offers features including, but not limited to, goods and services for purchase. It is Defendant's policies and procedures to not offer Plaintiff and all other blind and visually impaired users access to its website in its failure to remove access barriers to its website which disabled consumers could access with the use of special software programs designed for visually-impaired persons to view and access public websites. Plaintiff attempted to access Defendant's website on multiple occasions using this software. However,



Plaintiff was unable to do so due to Defendant's website barriers which fail to allow disabled persons the ability to access its site using the disability software necessary for their use of the site. These access barriers have denied Plaintiff full and equal access to Defendant's website and the goods and services it provides to the public. As a result of Defendant's failure to comply with simple government guidelines, Defendant is engaging in the discrimination of others. Plaintiff seeks permanent injunctive and declaratory relief and other remedies, procedures and rights set forth under 42 U.S.C. § 12188 and the NYC Civil Rights Law including statutory, compensatory and punitive damages, pre and post judgment interest and reasonable costs and attorneys' fees in addition to such other relief this Court deems just and proper.

*Defendant's Statement:*

Defendant's position is that plaintiff is part of a group of serial ADA plaintiffs, suing companies en masse for allegedly inaccessible websites with non-specific, boilerplate allegations. Based on the pleadings, plaintiff lacks standing to assert these claims pursuant to the Second Circuit's decisions in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) and *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022); plaintiff's complaint provides no information whatsoever about his past visits to the website or his any basis for thinking that it is plausible that he has a specific intent to return to the website in the future. Several courts in the Southern District and in the Eastern District have already ruled that complaints identical to this one, filed by counsel for plaintiff in this case, are insufficient to establish standing; indeed, Your Honor has expressed skepticism similar skepticism in *Hanyzkiewicz v. Metro Dermatology of NY, P.C.*, 22-cv-04797 (BMC) (E.D.N.Y. Mar. 3, 2023).

Even if the complaint adequately *alleged* standing, defendant believes it likely that discovery would reveal that as a *factual* matter plaintiff — who has filed 70 identical cases of this nature in the last year — is not a bona fide plaintiff with standing to bring the claims asserted. Defendant also doubts that plaintiff has suffered any actual damages, and further disputes that its website poses the accessibility barriers that plaintiff alleges (though, to be sure, the allegations are so vague and generic that it is nearly impossible to evaluate them). Defendant also disputes that the WCAG guidelines cited by plaintiff in his complaint are required for compliance with the cited statutes. Additionally, defendant contends that even if plaintiff's claims had merit on an individual basis, he could not hope to meet the Fed. R. Civ. P. 23 standards for certifying this case as a class.

Additional Information:



Plaintiff contends that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq*. Defendant agrees that the court has subject-matter jurisdiction over cases brought under the ADA, but contends that the court lacks subject-matter jurisdiction because of plaintiff's lack of standing.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, ("NYCHRL") claims.

Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District.

There are no outstanding motions at this time. Plaintiff anticipates filing a Motion for Summary Judgment. Defendant anticipates filing a motion to dismiss for lack of standing, and if that is denied defendant would file a motion for summary judgment after conducting discovery.

To comply with the Court's order, the parties will have the completed Case Management Plan prior to the Initial Status Conference.

We thank Your Honor and the Court for its kind considerations and courtesies.

                                              Respectfully Submitted,

                                              */s/ Mark Rozenberg*
                                              By: Mark Rozenberg, Esq.

                                              */s/ David Stein*
                                              By: David Stein, Esq.